IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALFA SPECIALTY INSURANCE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-00069-SRB |
| vs. ) | |
| ) | |
| VENETTA WILLIAMS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. #5). For the reasons stated below, Defendants' Motion to Dismiss (Doc. #5) is GRANTED.

### I.   Background

Plaintiff Alfa Specialty Insurance Corporation ("Alfa") seeks a declaratory judgment that it handled the underlying claim of Defendant Williams against Defendant Stark in a reasonable fashion and in accordance with the subject insurance policy and Missouri law. On December 2, 2015, the Defendants entered into a section 537.065 agreement with a stipulated judgment of $2,000,000. On December 16, 2015, the state trial court entered a judgment against Defendant Stark. Plaintiff Alfa filed this declaratory judgment action on January 28, 2016. Defendant Williams filed an equitable garnishment and declaratory judgment action in state court on February 1, 2016.

### II.   Legal Standard

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven*

*Falls Co.*, 515 U.S. 277, 286 (1995). The statute states that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). As stated by the Eighth Circuit:

> The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a "parallel" state court action involving questions of state law is pending. [*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005).] Where such an action is pending, a district court enjoys broad discretion. *Id.* at 997. This broad discretion is to be guided by considerations of judicial economy, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), by "considerations of practicality and wise judicial administration," *Wilton*, 515 U.S. at 288, 115 S. Ct. 2137, and with attention to avoiding "[g]ratuitous interference" with state proceedings, *Brillhart*, 316 U.S. at 495, 62 S. Ct. 1173.
>
> Where no such parallel state action is pending, discretion to abstain or grant a stay still exists, but that discretion is less broad and is to be exercised according to a six factor test [adopted in *Scottsdale*.]

*Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967-68 (8th Cir. 2013).

In deciding whether to abstain, the threshold issue for the district court is whether the federal declaratory judgment action and the pending state court action are, in fact, parallel. *Scottsdale Ins.*, 426 F.3d at 996. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Id.* at 997 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers*, 946 F.2d 1072, 1073 (4th Cir. 1991)). "[W]here every party to [the federal] suit is also a party to the state court suit, the parties are substantially the same." *Maritz v. Starek,* No. 4:05-cv-2093-JCH, 2006 WL 1026925, at *6 (E.D. Mo. April 18, 2006). Similarly, the requirement that the suits involve "substantially the same issues" does not require that the claims be identical for the suits to be parallel. *See Travelers Home and Marine Ins. Co. v. White*, No. 4:12-cv-818-TIA, 2012 WL 5258892, at *1 (E.D. Mo. Oct. 23,

2

2012) (staying federal declaratory judgment action as parallel to subsequently-filed, state-court action for equitable garnishment where both cases involved interpretation of insurance policy). If a district court finds the cases are parallel and that the issues in the federal action can be better settled by the state court, the district court must abstain "because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874-75 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495).

### III. Discussion

Initially, the Court finds that this case and the state-court case are parallel. The three parties before this Court are the same three parties named in the state-court action, and Alfa does not argue that the parties are not substantially the same. The issues are also substantially the same. Plaintiff Alfa admits that the state-court action involves claims for equitable garnishment, bad faith, and declaratory judgment. Plaintiff Alfa argues that the equitable garnishment is moot because Plaintiff Alfa has now paid the policy limits. All the claims, however, stem from the parties' insurance agreement, an agreement governed by Missouri and not federal law. As a result, the Court finds the issues are substantially the same.

Plaintiff Alfa finally argues that the "first filed" rule weighs in favor of this Court retaining jurisdiction. *Pharmacists Mut. Ins. Co. v. Courtney*, No. 02-cv-0242-W-ODS, 2003 WL 950081 (W.D. Mo. March 13, 2003). Judge Smith's decision in the *Courtney* litigation is inapplicable here because he found that the insurance company was not a party to the state-court garnishment, and state-court litigation would "not allow Plaintiff an opportunity to litigate the issues." *Id*. at *2. The first party to file is one of several factors this Court must weigh. *See*

3

*State Farm Fire & Cas. Co. v. Brown*, No. 10-00520-cv-W-DGK, 2010 WL 4362858 (W.D. Mo. Oct. 27, 2010) (declining jurisdiction even when the federal case was filed first). In this case, the parties agree that this case was filed on January 28, 2016, and the state-court claim was filed on February 1, 2016 – a difference of three days, including the weekend. This Court does not want to encourage a race to the courthouse, rather the economical, non-vexatious resolution of the matter. *Capitol Indem. Corp.*, 218 F.3d at 874-75. As such, this Court finds that the fact the two cases were filed within days of each other weighs in favor of not exercising jurisdiction.

### IV. Conclusion

Accordingly, it is hereby ORDERED:

Defendants' Motion to Dismiss (Doc. #5) is GRANTED. Plaintiff's declaratory judgment action is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2016